UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAFECT CAMPBELL, et al.,

    Plaintiffs,

v.

OBAYASHI CORP., INC., et al.,

    Defendants.

CASE NO. C08-181JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendant Balfour Beatty Rail, Inc.'s ("BBRI") motion for summary judgment (Dkt. # 34). Having considered the motion, all responsive papers, and the oral argument of counsel, the court GRANTS the motion for summary judgment as to the claims of Plaintiffs Duane Jones and Thurman E. Young, Jr. (collectively, "Plaintiffs") against BBRI.

## II. BACKGROUND

Plaintiffs, among others, filed a complaint alleging employment discrimination on the basis of race (Dkt. # 1) in connection with the construction of light rail for the Central Puget Sound Regional Transit Authority. Plaintiffs originally filed their complaint in King County Superior Court. BBRI removed the action to this court. (*See* Dkt. # 1.) The complaint has been amended three times. The third amended complaint, as well as all previous complaints,

ORDER – 1

names "Balfour Beatty Rail, Inc." as a defendant. (Third Amend. Compl. ("TAC") (Dkt. # 1) ¶ 5.) All of the plaintiffs, who are African American, allege that they were terminated or forced to quit in violation of the Washington Law Against Discrimination, RCW 49.60.010 *et seq.* ("WLAD"). (TAC ¶ 7.)

On July 7, 2005, Mr. Jones was dispatched by Local Union # 440 to work for "Balfour Beatty Const. Inc." at the 1618 8th Avenue, Seattle, Washington job site. (Declaration of Lori S. Haskell ("Haskell Decl.") (Dkt. # 38) ¶ 2, Ex. 1.) Ms. Haskell's declaration includes a due slip from Zenith Administrators, which tracks employment information for Local Union # 440 and administers the benefit program, that lists Mr. Jones as having been employed by "Balfour Beatty Construction." (Haskell Decl., Ex. 2.) Mr. Jones has not submitted a declaration in response to BBRI's motion.

On July 12, 2006, Mr. Young was dispatched by Local Union # 440 to work for "Balfour Beatty" at the 1618 8th Avenue, Seattle, Washington job site. (Declaration of Thurman Young ("Young Decl.") (Dkt. # 39), Ex. 1.) Mr. Young was discharged the same day. The termination slip lists "Balfour Beatty." (Young Decl., Ex. 3.) In response to his discharge, Mr. Young filed a grievance with the union. On the grievance form, Mr. Young lists "Balfour Beatty Con" as the name of his employer, but refers to "Balfour Beatty" in the narrative section of the form. (Young Decl., Ex. 2.) The W-2 form attached to Mr. Young's declaration lists his employer as "Balfour Beatty Construction Inc, 999 Peachtree St NE Suite 200, Atlanta, GA 30309." (Young Decl., Ex. 4.)

BBRI moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). (Mot. (Dkt # 34) at 2). BBRI argues that summary judgment is appropriate as to Plaintiffs because they were never employed by BBRI. (*Id.*) BBRI states that Mr. Jones and Mr. Young "were employed by Balfour Beatty Construction Company, Inc. . . . or Balfour

ORDER – 2

Beatty Construction, LLC, . . . both of which are entirely different corporate entities than BBRI." (Reply (Dkt. # 46) at 2.) In opposition, Plaintiffs assert that summary judgment is inappropriate because Mr. Jones and Mr. Young worked for BBRI (Resp. (Dkt. # 37) at 11-12, 14-16). BBRI disputes these claims. (Reply (Dkt. # 46) at 2-4.)

### III. ANALYSIS

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no material factual dispute and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the nonmoving party must present affirmative evidence to demonstrate specific facts showing that there is a genuine issue for trial. *Galen*, 477 F.3d at 657. A mere scintilla of evidence supporting the nonmoving party's position is insufficient to withstand summary judgment. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).

To establish a prima facie case of termination on the basis of race under the WLAD, a plaintiff must show that he (1) belongs in a protected class, (2) was discharged, (3) was doing satisfactory work, and (4) was replaced by someone not in the protected class. *Chen v. Washington*, 937 P.2d 612, 616 (Wash. Ct. App. 1997). The employer can rebut a prima facie case by articulating a legitimate, nondiscriminatory reason for the termination. *Id.* The plaintiff must then show that the employer's articulated reasons are either unworthy of belief or a pretext for a discriminatory purpose. *Id.*

Washington Administrative Code § 162-16-220 establishes standards for determining who is counted as employed when deciding who qualifies as an employer under the WLAD. *See* Wash. Admin. Code § 162-16-220(1). Wash. Admin. Code § 162-16-220(6) provides:

> Connected corporations. Corporations and other artificial persons that are in common ownership or are in a parent-subsidiary relationship will be treated as separate employers unless the entities are managed in common in the area of employment policy and personnel management. In determining whether there is management in common we will consider whether the same individual or individuals do the managing, whether employees are transferred from one entity to another, whether hiring is done centrally for all corporations, and similar evidence of common or separate management.

Wash. Admin. Code § 162-16-220(6).

Here, BBRI argues that the court should grant summary judgment as to Plaintiffs because BBRI never employed either individual. (Mot. at 2-3.) In its motion, BBRI claims generally that it never employed Plaintiffs. In its reply, BBRI asserts specifically that "both Plaintiffs were employed by Balfour Beatty Construction Company, Inc. [...] or Balfour Beatty Construction, LLC, [...] both of which are entirely different corporate entities than BBRI." (Reply at 2.) The more precise argument presented by BBRI in its reply arises from the additional evidence submitted by Plaintiffs in their response, including various employment documentation records of Mr. Jones and Mr. Young. In addition, BBRI submits a declaration from Kandis M. Sells, which includes printouts from the Washington Secretary of State's web site that list a variety of corporations registered under the Balfour Beatty name, including "Balfour Beatty Rail, Inc.," "Balfour Beatty Construction Company, Inc.," and "Balfour Beatty Construction, LLC." (Declaration of Kandis M. Sells (Dkt. # 47) ¶ 2, Ex. A.)

Plaintiffs use different names interchangeably to refer to their alleged employer throughout their response and declarations. Plaintiffs assert not only that they worked for BBRI (Resp. at 6) and "Balfour Beatty," but also that they worked for "Balfour Beatty Rail

ORDER – 4

Corporation" (Resp. at 8, 11, 12) and "Balfour Beatty Construction," "Balfour Beatty Construction Inc.," or "Balfour Beatty Const. Inc." (Resp. at 6; Haskell Decl. ¶ 2, Ex. 1).

BBRI has satisfied its initial burden under Fed. R. Civ. P. 56(c) in demonstrating that Mr. Jones and Mr. Young were not employed by BBRI at the time of the alleged unlawful discharges. In his declaration, Mr. Dancer states:

> I hired, trained and supervised all BBRI workers throughout the duration of the Sound Transit tunnel project. At no time did BBRI hire or employ Duane Jones or Thurman Young. BBRI did not pay Plaintiffs Jones and Young for services, or claim them as employees for tax purposes. At no time did I request services from, or exercise supervision over, Jones or Young in association with the Sound Transit tunnel project.

(Dancer Decl. (Dkt. # 36) ¶ 9.) Mr. Dancer's assertion that BBRI never employed either Mr. Jones or Mr. Young establishes that BBRI would be entitled to prevail as a matter of law as to Plaintiffs' claims because BBRI is not the employer who engaged in the alleged discriminatory actions.

Plaintiffs have not met their burden in presenting evidence to demonstrate specific facts showing that there is a genuine issue for trial against BBRI. Instead, the evidence presented by Plaintiffs reinforces the conclusion that Mr. Jones and Mr. Young were not employed by BBRI, but rather were employed by another Balfour Beatty entity. First, none of the employment documentation submitted by Plaintiffs lists the name of Mr. Jones's or Mr. Young's employer as BBRI. Second, the employment documentation submitted by Plaintiffs lists a different Balfour Beatty entity as their employer. Mr. Jones's union dispatch slip and his Zenith due slip list his employer as Balfour Beatty Construction, not BBRI. (Haskell Decl., Exs. 1, 2.) Similarly, Mr. Young's grievance form and W-2 list his employer as Balfour Beatty Construction, not BBRI. (*See* Young Decl., Exs. 2, 4.)

The court acknowledges that Mr. Young, in his declaration, states that he was employed by "Balfour Beatty." (Young Decl. ¶¶ 2, 4, 14-17.) He argues that "Balfour

ORDER – 5

Beatty's contention that I never worked for them is completely false." (Young Decl. ¶ 16.) The court interprets Mr. Young's statement as an assertion that he worked for BBRI. Although Mr. Young has presented clear evidence that he worked for a Balfour Beatty entity, his evidence only highlights BBRI's argument that it never employed him. In the face of BBRI's evidence and Plaintiffs' own employment records, Mr. Young's declaration that he worked for "Balfour Beatty" is insufficient to raise a genuine issue of material fact.

Plaintiffs have not made any showing that BBRI is connected to the Balfour Beatty entity that employed them. Pursuant to Wash. Admin. Code § 162-16-220(6), even those corporations that are in common ownership or are in a parent-subsidiary relationship will be deemed separate employers unless they are managed in common as to employment policy and personnel management. Mr. Jones and Mr. Young have presented no evidence that "the same individual or individuals do the managing" at BBRI and any other corporation, that employees are transferred from BBRI to another corporation, or that hiring is done centrally for all Balfour Beatty entities.

At oral argument, counsel for Plaintiffs apparently conceded that BBRI may not have employed either Mr. Jones or Mr. Young. Counsel for Plaintiffs asserted that BBRI had denied employing any of the plaintiffs in this case and that this blanket denial failed to put Plaintiffs on notice that they may have sued the wrong employer. Contrary to these assertions, BBRI, in its answer of May 17, 2007, acknowledged that it employed Plaintiff Danny Crowder while denying that it employed either Mr. Jones or Mr. Young. (Answer ¶¶ 9, 11, 16.) Accordingly, Plaintiffs should have been aware of the possibility that they had sued the wrong defendant.

In sum, Plaintiffs have not met their burden in presenting evidence to demonstrate specific facts showing that there exists a genuine issue for trial as to whether BBRI

ORDER – 6

unlawfully discharged Plaintiffs in violation of the WLAD.  *See Galen*, 477 F.3d at 657.  The evidence before the court, as presented both by BBRI and by Plaintiffs, indicates that BBRI did not employ either Mr. Jones or Mr. Young.  Therefore, pursuant to Fed. R. Civ. P. 56(c), the court grants summary judgment as to Mr. Jones's and Mr. Young's claims against BBRI.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS the motion for summary judgment as to Mr. Jones's and Mr. Young's claims against BBRI.

Dated this 6th day of January, 2009.

JAMES L. ROBART
United States District Judge

ORDER – 7